**Bill M. YATES, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 7674.**

Court of Appeals of Alaska.

June 8, 1984.

Susan Orlansky, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Peter A. Michalski, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Bill Yates was convicted of three counts of sale of cocaine in violation of former AS 17.10.010. Judge Johnstone imposed concurrent sentences of one, two and three years. In addition, he required Yates to pay $3,850 as restitution. Yates appeals, presenting two issues. First, he contends that the trial court erred in not referring

his defense of entrapment to the jury. Second, he contends that the trial court imposed an excessive sentence. We affirm.

## ENTRAPMENT

■ Yates' first issue is purely one of statutory interpretation. Alaska Statute 11.81.450 provides:

*Entrapment.* In any prosecution for an offense, it is an affirmative defense that, in order to obtain evidence of the commission of an offense, a public law enforcement official or a person working in cooperation with the official induced the defendant to commit the offense by persuasion or inducement as would be effective to persuade an average person, other than one who is ready and willing, to commit the offense. Inducement or persuasion which would induce only a person engaged in an habitual course of unlawful conduct for gain or profit does not constitute entrapment.

Alaska Statute 11.81.900(b)(1) provides:

(1) "affirmative defense" means that

(A) some evidence must be admitted which places in issue the defense; and

(B) the defendant has the burden of establishing the defense by a preponderance of the evidence.

Yates concedes that the statute is silent regarding the appropriate trier of fact. He concludes, therefore, that since the legislature has not specifically and expressly precluded a jury determination of the factual issues, this court should hesitate to read the statute to deny criminal defendants their right to have the entrapment defense presented to a jury. Yates' argument is a variation on the theme that penal statutes should be interpreted strictly in favor of defendants. 3 C. Sands, *Sutherland Statutory Construction* § 59.03, at 6 (3d rev. ed. 1974).

In *Anchorage v. Lloyd,* 679 P.2d 486, 487 (Alaska App.1984), we discussed this rule as follows:

We believe, however, that a narrow reading of [the ordinance under consideration] is not justified. The ordinance is to be construed narrowly only to the extent that it is ambiguous. In determining whether ambiguity exists, we must read the ordinance in a fair and reasonable manner, with due regard for its purpose. In the absence of legislative history supporting a restrictive interpretation, we cannot assume that the ordinance was intended to be read in a hypertechnical manner. [Citations omitted.]

We are satisfied that the legislature clearly intended to have trial courts decide the issue of entrapment. The commentary to AS 11.81.450 states in full:

The Code incorporates existing law by recognizing the "objective" approach to entrapment. *See Grossman v. State,* 457 P.2d 226 (Alaska 1969). In classifying entrapment as an affirmative defense, which must be established by the defendant by a preponderance of the evidence, the Code provision is consistent with existing Alaska practice. *Batson v. State,* [568 P.2d 973 (Alaska 1977)].

Commentary on the Alaska Revised Criminal Code, Senate J. Supp. No. 47, at 138, 2 Senate J. 1978.

The statute in question is based on a provision in the Tentative Draft, AS 11.20.-250, which is essentially identical to AS 11.81.450. In commenting on this section, the subcommission pointed out:

The Code incorporates existing law by recognizing the "objective" approach to entrapment. Though the defense will continue to be tried by the court in the absence of a jury, codification of the defense in language virtually identical to that formulated by the Alaska Supreme Court in *Grossman* is desirable.

In classifying entrapment as an affirmative defense, which must be raised and established by the defendant by a preponderance of the evidence, the Code provision is consistent with existing Alaska practice.

Alaska Criminal Code Revision Part V, at 21–22 (Tent.Draft 1978) (commentary to AS 11.20.250) (citation omitted).

The "objective" approach to entrapment is aimed at discouraging unlawful police activity rather than recognizing and excusing truly innocent behavior. *Batson v. State,* 568 P.2d 973, 975, 978 (Alaska 1977). In explaining why the court rather than the jury should hear evidence of entrapment under the objective theory, the supreme court stated:

> [W]e were of the view that the court, rather than a jury, can best achieve the purpose of deterrence of impermissible police conduct. As Chief Justice Traynor so aptly stated:
>
> > A jury verdict of guilty or not guilty tells the police nothing about the jury's evaluation of the police conduct ... Moreover, even when the verdict settles the issue of entrapment in the particular case, it "cannot give significant guidance for official conduct for the future. Only the court, through the gradual evolution of explicit standards in accumulated precedents, can do this with the degree of certainty that wise administration of criminal justice demands."

568 P.2d at 976, *quoting People v. Moran,* 1 Cal.3d 755, 83 Cal.Rptr. 411, 463 P.2d 763, 769 (1970) (Traynor, C.J., dissenting) (footnote omitted).

Reading the statute in a fair and reasonable manner, with due regard for its purpose, we are satisfied that it was the legislature's intention to make entrapment an issue for the court, not the jury.

### SENTENCE

■ At the time of these offenses, Yates was twenty-eight years old. Until two years before his arrest, Yates supported himself through various business endeavors. According to the presentence report, however, since then he has withdrawn from these activities and his source of income is unclear. The trial court's findings, which are based upon substantial evidence, indicate that Yates is a sophisticated drug dealer who refuses to accept responsibility for his crimes. In addition, the trial judge was satisfied that Yates had perjured himself at trial. He considered this evidence of perjury solely for purposes of determining that Yates was a poor candidate for rehabilitation. The court carefully reviewed the facts in light of the standards established in *State v. Chaney,* 477 P.2d 441, 444 (Alaska 1970), and indicated that, because of Yates' poor potential for rehabilitation, individual deterrence, deterrence of others, and reaffirmation of community norms should be stressed. The total sentence of three years is comparable to sentences imposed on other defendants committing similar crimes. *See, e.g., LeDuff v. State,* 618 P.2d 557, 558 (Alaska 1980); *Elliott v. State,* 590 P.2d 881, 882–83 (Alaska 1979); *Bush v. State,* 678 P.2d 423, 426, n. 1 (Alaska App.1984); *Rosa v. State,* 627 P.2d 658 (Alaska App.1981); *Dana v. State,* 623 P.2d 348, 356 (Alaska App.1981). The sentence of the superior court was not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The judgment and sentence of the superior court are AFFIRMED.